# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-748V

|  |  |
|---|---|
| MARK GIBSON, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: May 7, 2026 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Wendy Cox, Siri & Glimstad LLP, Austin, TX, for Petitioner.*

*Katherine Edwards, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On April 30, 2025, Mark Gibson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following a tetanus diphtheria and acellular pertussis vaccine administered on June 3, 2024. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 7, 2026, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On April 29, 2026, Respondent filed a proffer indicating Petitioner should be awarded $42,034.24 (comprised of $40,000.00 for pain and suffering and $2,034.24 for unreimbursable expenses). Respondent's Rule 4(c) Report Conceding Entitlement and Compensation and Proffer of Damages ("Proffer") at 5-6. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.*

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

**Pursuant to the terms stated in the Proffer, I award a lump sum of $42,034.24 (comprised of $40,000.00 for pain and suffering and $2,034.24 for unreimbursable expenses) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.